IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PECOLA R. RODGERS-TUBBS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-cv-01846-L** |
| | § | |
| **ALDI (TEXAS) LLC, d/b/a ALDI,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's First Motion to Remand to State Court ("Motion") (Doc. 5), filed on August 28, 2024, and Defendant's Response to Motion for Remand (Doc. 6), filed on September 11, 2024. Neither Plaintiff's Original Petition ("Petition") nor the Notice of Removal ("Notice") sets forth sufficient allegations or evidence for the court to reasonably conclude that diversity of citizenship exists or that the jurisdictional threshold for the amount in controversy for removal has been met. After careful consideration of the Motion, Response and Objection, pleadings, record, and applicable law, the court **grants** the Motion and **remands** this action to the County Court at Law No. 2, Dallas County, Texas.

## I.     Procedural and Factual Background

On June 3, 2024, Plaintiff Pecola R. Rodgers-Tubbs ("Plaintiff" or "Ms. Rodgers-Tubbs") filed this action against Defendant Aldi (Texas), L.L.C. d/b/a Aldi ("Aldi") in the County Court at Law No. 2, Dallas County, Texas. Ms. Rodgers-Tubbs contends that she was injured on November 2, 2022, while she was shopping at an Aldi store. Pl.'s Pet. 3. She alleges that she slipped and fell on a puddle of water that was on the floor. *Id.* She sues for negligence and seeks recovery of monetary damages for reasonable medical care and expenses in the past; future medical expenses; past and future physical pain and suffering and mental anguish; and past lost earnings. *Id.* at 4.

## II.    Applicable Law

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted).  "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court.  Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their

own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted). Such failure, however, is a procedural defect and may be cured by filing an amended notice. *Id.* n.4.

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citation omitted). Thus, while citizenship is synonymous with domicile, it is not synonymous with residency because individuals can have more than

one residence. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Citizenship requires not only '[r]esidence in fact' but also 'the purpose to make the place of residence one's home.'") (quoting *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Further, the party seeking to establish jurisdiction based on diversity "must offer more than conclusory statements" to establish citizenship. *Preston*, 485 F.3d at 803. A mere allegation of residency "does not satisfy the requirement of an allegation of citizenship." *SXSW, LLC, v. Federal Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (citation omitted).

In *Coury v. Prot*, the Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251, (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted). Additionally, "[a] litigant's statement of intent is relevant to the determination of domicile, but it is entitled to little weight if it conflicts with the objective facts." *Id.*

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2);* *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87

---

*Section 1446(c)(2) further provides:
　　(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
　　　　(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
　　　　　　(i) nonmonetary relief, or
　　　　　　(ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and

(2014) (citation omitted); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.  Further, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Id.*

Any doubts as to the propriety of the removal should be construed strictly in favor of remand.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."  *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction; if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.  As this case was removed to federal court, the burden rests with Aldi.

## III.   Discussion

### A.  Amount in Controversy

The court is convinced that the jurisdictional amount has not been satisfied for removal purposes. Defendant does not sufficiently allege that the amount in controversy exceeds $75,000.

---

(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

This is so because Defendant simply relies on Plaintiff's statement in her Petition that she seeks "monetary relief over $250,000 but not more than $1,000,000" and that she did not provide an affidavit stating that the amount in controversy is no more than $75,000. While Aldi correctly notes that the Petition contains an allegation that Plaintiff is seeking over $250,000 but less than $1,000,000, such naked assertion is not determinative. The allegation in Plaintiff's Petition is included solely because Texas Rule of Civil Procedure 47(c)(1)-(5) requires a party to identify the category of monetary relief sought in an original pleading, which in turn governs the level of discovery allowed in a civil case in state court under Texas Rule of Civil Procedure 169. There are insufficient factual allegations for the court to determine that the amount in controversy exceeds $75,000.

Plaintiff's pleadings are "threadbare" and lacking in substance such that the court cannot conclude that the amount requested is made in good faith.  The section or part of Plaintiff's Petition that seeks recovery for damages is nothing more than boilerplate language that the court has seen hundreds of times, and defendants, for some reason, often believe such conclusory allegations are sufficient for the court to reasonably infer that more likely than not the amount in controversy exceeds $75,000. Plaintiff's Petition contains no factual allegations regarding the severity of her injuries, the cost of her resulting medical expenses, or the loss of her earnings. The Petition contains no factual allegations regarding the severity of Plaintiff's injuries, the type of injuries she suffered, or any manner in which she has been disfigured.

This incident occurred in November 2022, and the action was removed to federal court approximately 21 months after the incident occurred; and it is only reasonable to infer that at least a modicum of knowledge would be known about the severity and extent of Plaintiff's injuries and the kind and costs of medical treatment she received prior to the action being filed in state court and later removed to federal court. Further, she seeks damages for reasonable medical care and

expenses in the past; future medical expenses; past and future physical pain and suffering and mental anguish; and past lost earnings; however, she does not even reasonably estimate what that amount is.

In its Response, Defendant contends that "Plaintiff has produced certain medical bills and medical records showing Plaintiff's damages and providing insight as to her damages," which amounts to about $35,000. Def.'s Resp. ¶ 9. Defendant states that it "reasonably believe[s]" that Plaintiff is seeking more than $75,000 in damages. A simple restatement or adoption of another party's anemic, bare-bones, or deficient pleadings does not transform the action into one in which the jurisdictional threshold for the amount in controversy has been met. To hold that the amount requested in this case is made in good faith requires a leap of logic that this court has no basis to make.  In light of the paucity of the factual allegations in the Petition and the deficiency in the Notice, the court cannot reasonably conclude that the amount sought by Plaintiff is made in good faith and that it exceeds $75,000.

### B.  Diversity of Citizenship

The court *sua sponte* raises the issue of diversity of citizenship, as it is allowed to do. *McDonal,* 408 F.3d at 182 n.5 (citation omitted). Even if the amount in controversy has been met, the court does not believe that Defendant has shown that the diversity-of-citizenship requirement has been met. In line with Fifth Circuit precedent, remand on this ground alone is required, as the court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted)).

The Notice states, "Plaintiff Pecola R. Rodgers-Tubbs is a citizen of the State of Texas, and upon information and belief, is a resident of Dallas County, Texas as plead[ed] in Plaintiff's Original Petition." (Doc. 1). This statement, however, misquotes the language in the Petition, Plaintiff only states the following:s "Pecola R. Rodgers-Tubbs, is an Individual resident of Dallas County, Texas." Doc. 5-1. Residency and citizenship, as previously noted, are not synonymous. Further, this allegation is conclusory and unsupported by any facts. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999) (explaining that conclusory allegations in a notice of removal are insufficient to support jurisdiction) (citations omitted). Defendants' misquotation or inattention to detail is not enough to establish citizenship sufficiently because mere residency is insufficient to show that she is domiciled in Texas with the intent to remain indefinitely. *See Preston* 485 F.3d at 799. Further, Defendant does not provide an independent ground for establishing Ms. Rodgers-Tubbs's citizenship outside of this misquote. These assertions do not set forth any facts from which the court can determine Ms. Rodgers-Tubbs' citizenship.

## IV.     Conclusion

For the reasons set forth herein, Plaintiff's Petition, the Notice of Removal, and Defendants' Response do not provide sufficient allegations or evidence for the court to reasonably conclude that complete diversity of citizenship exists between the parties, or that the jurisdictional threshold for the amount in controversy for removal has been satisfied.  Accordingly, the court **lacks** diversity jurisdiction to hear this action, **grants** Plaintiff's Motion, and **remands** this action to the County Court at Law No. 2 in Dallas County, Texas. The clerk of court **shall** effect the remand in accordance with the usual procedure.

**It is so ordered** this 3rd day of October, 2024.

Sam A. Lindsay
United States District Judge